UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23160-ELFENBEIN

**CODY GABRIEL**,

    Plaintiff,

v.

**THE PINNACLE CONDIOMINIUM, INC.,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on *Pro Se* Plaintiff Cody Gabriel's Motion to Proceed *In Forma Pauperis* (the "IFP Motion"), ECF No. [3]. For the reasons explained below, the IFP Motion, **ECF No. [3]**, is **DENIED**.

**I.    BACKGROUND**

In most situations,[1] a plaintiff who initiates a civil action in this District must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-cv-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited July 16, 2025). A plaintiff can avoid paying the filing fee by including along with his complaint a motion to proceed *in forma pauperis* ("IFP"). *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he "is entitled to redress." *See* 28 U.S.C.

---

[1] For an application for a writ of habeas corpus, the filing fee is $5. *See* 28 U.S.C. § 1914(a).

§ 1915(a)(1).[2]

Plaintiff has submitted the required affidavit, which is contained on the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." *See* ECF No. [3]. Therein, Plaintiff states that he has an average monthly income of $9,470 during the past 12 months and expects $543 in income next month. *See* ECF No. [3] at 1. Plaintiff states that he has no persons who rely on him for support, his monthly expenses are $1,140, and he does not expect to have any expenses or attorney's fees in connection with this lawsuit. *See* ECF No. [3] at 3-5. He notes that he does not expect any major changes to his monthly income or expenses during the next 12 months. *See* ECF No. [3] at 5.

## II.     LEGAL STANDARD

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915.

The Eleventh Circuit has "observed that a trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez*, 364 F.3d at 1306 (citation omitted). "When considering a motion filed pursuant to § 1915(a), the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Id.* at 1307 (alterations adopted, quotation marks and footnote omitted).

---

[2] Though the plain language § 1915 appears to make its provision applicable only to prisoners, "the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306.

"An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

"Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (footnote omitted). "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.* "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (alterations adopted).

## III. DISCUSSION

The Court may grant Plaintiff's IFP Motion if the statements in his affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. While the affidavit need not show that Plaintiff is absolutely destitute to qualify for indigent status under § 1915, it must, at minimum, show that, because of his poverty, he is unable to pay for the court fees and costs and to support and provide necessities for himself and his dependents. *Id.* Plaintiff's affidavit fails to do so here.

The Court starts its analysis by looking at the Department of Health and Human Services ("HHS") poverty guidelines as these are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as the basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 90 Fed. Reg. 5917 (Jan. 17, 2025). Further, the section 1915 analysis requires

"comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *See Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014).

In the IFP motion, Plaintiff avers that he has no dependents, *see* ECF No. [3] at 3; thus, the Court must consider the poverty table as it relates to a one-person household. According to the 2025 HHS poverty table, a four-person household meets the poverty threshold with an annual income of $15,650 or less. *See* 90 Fed. Reg. 5917. Here, Plaintiff's income far exceeds the poverty guidelines. His IFP Motion shows that he has had an average monthly income of $9,470 during the past 12 months, which is an annual income of $113,640 per year. And although Plaintiff says that he expects to earn $543 in income next month, he contradictorily avers that he does not expect any major changes to his monthly income or expenses during the next 12 months. *See* ECF No. [3] at 1, 5. When looking at Plaintiff's past income against Plaintiff's roughly $1,140 in monthly expenses, *see* ECF No. [3] at 4, Plaintiff's comprehensive accounting is not sufficient on its face to demonstrate economic eligibility. *See Martinez*, 364 F.3d at 1307. As a result, Plaintiff does not qualify for indigent status in this civil action. *See Martinez*, 364 F.3d at 1306 (noting that, in civil cases for damages, courts should grant the privilege of IFP status sparingly).

IV.   **CONCLUSION**

For the reasons stated herein, the IFP Motion, **ECF No. [3]**, is **DENIED.** Accordingly, Plaintiff shall pay the $405 filing fee to the Clerk of Court **no later than July 25, 2025**. Failure to submit the required filing fee by the deadline will result in the dismissal of this action without prejudice.

CASE NO. 25-CV-23160-ELFENBEIN

**DONE and ORDERED** in Chambers in Miami, Florida on July 16, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

Cody Gabriel
1545 NW 7th Avenue
Miami, FL 33136
305-527-7543
Email: codyjimmygabriel0220@outlook.com
PRO SE